**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/25/2024

March 24, 2024

**BY ECF**
Hon. Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Washington* S9 21 CR 00603 (VEC)

MOTION FOR AN EVIDENTIARY HEARING TO REVIEW THE EVIDENCE REGARDING THE PLEA AGREEMENT SIGNATURE PAGE AND THE COLLOQUY TRANSCRIPT

I.   **Introduction**

I, William James Washington ("Washington"), appearing pro se, hereby respectfully request an evidentiary hearing to thoroughly examine the evidence concerning the plea agreement signature page and the colloquy transcript. This motion is imperative due to significant doubts regarding the authenticity, voluntariness, and informed nature of the plea agreement, as well as inconsistencies within the colloquy transcript that directly impact my understanding and acceptance of the plea.

As previously raised in my motion to withdraw the plea agreement and reiterated in the reply submitted to the government's opposition, I have expressed concerns regarding the plea agreement's validity. However, as the primary objective of that motion is to withdraw from the plea agreement, this separate motion aims to compel Scott Tulman, Washington's court-appointed CJA attorney, to provide proof supporting his statement made in his letter to the Honorable Valerie E Caproni dated March 21, 2024.

II.   **Background**

On September 26, 2023, Washington entered a guilty plea pursuant to a plea agreement with the Government. However, significant issues regarding the plea agreement's signature page have since emerged, suggesting potential irregularities in how the plea agreement was presented and consented to by Washington.

During the plea colloquy, conducted before the Honorable ONA T. WANG, United States Magistrate Judge, questions regarding the defendant's understanding and voluntary acceptance of the plea were addressed. Despite affirmations made during the colloquy, subsequent revelations and discrepancies necessitate a thorough judicial review to ensure the integrity of the plea process and the meaning of the evidence the plea process produced.

### III. Legal Standard

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a plea of guilty before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. An evidentiary hearing is warranted where there are substantial issues that, if resolved in the defendant's favor, would lead to the withdrawal of the plea. Furthermore, in assessing the validity of the plea process and the conduct of counsel, it is pertinent to consider the principles outlined in *United States v. Blackledge*, 417 U.S. 238 (1974), which underscores the importance of safeguarding procedural rights to prevent governmental overreach and ensure fairness in criminal proceedings. To prevail on an ineffective assistance of counsel claim, the defendant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by his counsel's deficient representation. These principles are established in *Strickland v. Washington*, 466 U.S. 687 (1984), and *Brown v. Greene*, 577 F.3d 107, 118 (2d Cir. 2009), respectively.

### IV. Argument

Concerns Regarding the Plea Agreement Signature Page: Evidence has come to light suggesting the plea agreement signature page may have been affixed to the agreement in a manner that was not fully transparent or understood by Washington. This raises serious questions about the voluntariness and informed nature of the plea.

Discrepancies Within the Colloquy Transcript: The transcript of the plea colloquy contains statements that, upon closer examination, reveal potential misunderstandings or miscommunications regarding the plea's terms and consequences. An evidentiary hearing is necessary to clarify these issues and determine their impact on Washington's decision and intent to plead guilty.

### V. Supplemental Argument for Evidentiary Hearing Based on Defense Counsel's Conduct

Given the disputes surrounding the facts and the implications of the alleged conduct, it is imperative that this Court conducts an evidentiary hearing. The defense counsel's conduct, as outlined in our discussions, seemingly falls below the standard required for effective representation as mandated by *Strickland v. Washington*, 466 U.S. 687 (1984). This case establishes a two-prong test for evaluating claims of ineffective assistance of counsel, requiring a defendant to demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense. In our situation, the discrepancies and uncertainties surrounding the plea agreement and the colloquy transcript raise significant concerns about whether the defense counsel's actions—or lack thereof—meet these criteria.

Moreover, the fundamental disagreement on the facts as presented necessitates a thorough judicial examination. The importance of this hearing transcends the immediate parties

involved, touching upon the integrity of the judicial process itself. As articulated in *United States v. Blackledge*, 417 U.S. 238 (1974), the judiciary has an overarching duty to ensure that procedural safeguards are not merely ceremonial but serve their intended purpose of upholding justice and fairness. The discrepancies and the alleged below-standard conduct of the defense counsel directly challenge these safeguards, compelling the need for an evidentiary hearing.

Therefore, it is not only in the interest of justice but also a necessity under the principles of due process that this Court grants the requested evidentiary hearing. This will afford an opportunity to scrutinize the evidence in question and assess the conduct of the defense counsel in the context of the standards set forth by precedent. Such a hearing is essential to determine whether the plea was entered into voluntarily, knowingly, and intelligently, and whether the representation provided was within the bounds of constitutionally guaranteed effective assistance.

For the reasons stated above, Washington respectfully requests that this Court grant an evidentiary hearing to review the evidence regarding the plea agreement signature page including Scott Tulman email receipts as proof supporting his statement made in his letter to the Honorable Valerie E Caproni dated March 21, 2024 which states in pertinent part:

> *"Ultimately, on the eve of trial, Mr. Washington signed in Seattle and emailed to us in New York the plea agreement that was the basis for his guilty plea because, in our view, he fully understood and agreed with appointed counsel that it was in his best interest to accept responsibility for his conduct by pleading guilty."*

and the colloquy transcript.

**VI.    Conclusion**

This examination is crucial to ensuring that Washington's plea was entered into with a full understanding of its terms and consequences and that his rights were adequately protected throughout the plea process. It is only through such a hearing that the Court can fully assess the actions of the defense counsel and the integrity of the plea agreement process.

The motion for an evidentiary hearing and to compel Mr. Tulman to produce proof of the statements made in the March 21, 2024, letter is DENIED without prejudice. If, after the oral argument scheduled for March 27, 2024, the Court finds that an evidentiary hearing is necessary, the Court will schedule the hearing.

SO ORDERED.

*[signature: Valerie Caproni]*    03/25/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,
Sincerely,

By: /s/ William Washington
William J. Washington, Pro Se