**MEMO ENDORSED**

April 3, 2024

**BY EFC**
Hon. Judge Valerie E. Caproni
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2024

Re: Motion for Disqualification of Judge Valerie E. Caproni for Cause
Case No.: United States v. Washington S9 21 CR 00603 (VEC)

Dear Judge Caproni,

I, William Washington, pursuant to 28 U.S.C. § 455, submit this motion for your disqualification from Case No. S9 21 CR 00603 (VEC), addressing conflicts of interest from a monetary damages claim against you, potential liabilities and torts, systemic barriers to appellate court access, and disparate treatment in trial scheduling that collectively undermine the impartiality mandated for judicial conduct.

1. **Grounds for Disqualification for Cause:**

   Conflict of Interest and Arising Liabilities Stemming from SF-95 Claim: The submission of an SF-95 claim, as documented in EFC Doc. No. 1349, which requests compensation for alleged injury potentially resulting in liabilities and tort claims, inherently signifies a conflict of interest. Such a situation provokes legitimate concerns regarding impartiality, bias, and prejudice, as explicitly outlined under 28 U.S.C. § 455(a). This claim not only underscores the perceived entanglement of personal interests with judicial responsibilities but also casts a shadow over the requisite neutrality mandated for judicial conduct, thereby necessitating a reevaluation of involvement in the interest of upholding the principles of fairness and impartiality embedded within the legal framework.

2. **Disparate Treatment in Trial Scheduling:**

   A. Contrast with Judicial Precedent: The decision to set my trial within an 88-day timeframe post-plea withdrawal starkly contrasts with the judicial accommodations historically granted within this court. Specifically, the Criminal Defense Attorney (CDA) highlighted the necessity of over five months for trial preparation in a separate matter (EFC Doc. No. 421 – Letter of Sabrina Schroff), which aligns with standard legal practice and ensures a fair opportunity for case preparation. See, ECF Doc. No. 897 at 14.

   B. Extended Preparation Time for Similar Defendants: Furthermore, the court previously allocated a nine-month preparation period for the original eighteen defendants arrested in October 2021 (EFC Doc. No. 413), offering a clear precedent for ample case preparation time. This extended timeline ensured thorough review and motions filing, underscoring a stark disparity in the handling of my case. See, ECF Doc. No. 897 at 14.

   C. Implications of Accelerated Scheduling: The expedited schedule imposed on my trial preparation not only deviates from established court practices but also significantly disadvantages my defense, raising questions about the equitable treatment of defendants and the integrity of the trial process under your jurisdiction.

3. **Systemic Barriers to Appellate Court Access:**

   A. Extension of District Court Policies: The unique requirement for pro se filings to receive prior approval from your chambers, as evidenced by my experiences (EFC Doc. No. 1280, 1281, 1282), contravenes standard court procedures and establishes a precedent that indirectly extends to appellate processes. This undue hindrance to my appellate rights indicates a broader issue of access to justice.

   B. Indirect Influence on Appellate Filings: While direct authority over appellate court procedures does not reside with a district court judge, the requirement for your approval on my filings has created a barrier, effectively extending district court policies to the appellate level. This indirect control over my ability to appeal underscores a significant impact on the impartiality of the judicial process, particularly given the foundational issues in my case that merit appellate review.

   **Conclusion and Urgency:** The cumulative impact of these concerns necessitates your immediate disqualification to uphold the judicial process's integrity and impartiality. Given the urgent nature of these issues, particularly with the imminent trial date, I respectfully request the court's prompt attention to and resolution of this motion.

Sincerely,

By:   /s/William Washington
      William J. Washington, Pro Se

---

Application DENIED.  There is no basis for recusal pursuant to 28 U.S.C. § 455.  None of the circumstances warranting disqualification enumerated in § 455(b) are present, and the Court finds that there is no ground on which the Undersigned's "impartiality might reasonably be questioned" pursuant to § 455(a).  The Court also notes that Dr. Washington has permission to file materials on ECF without going through the Court.  Though Dr. Washington received an ECF message on April 3, 2024, asking him to refile the document at Dkt. 1349, that message was issued by the Clerk's office in response to technical deficiencies in the filing at Dkt. 1349; the Undersigned has no role in issuing "blue notes."  Furthermore, Dr. Washington represented that he was "prepared to proceed to trial immediately," Reply, Dkt. 1338 at 14, and raised no objection to the trial schedule at the March 27, 2024, hearing.

SO ORDERED.

*[signature: Valerie Caproni]*

04/04/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2