**MEMO ENDORSED**

April 4, 2024

**BY EFC**
Hon. Judge Valerie E. Caproni
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2024

Re: Motion to Certify Order for Interlocutory Appeal
Case No.: United States v. Washington, S9 21 CR 00603 (VEC)

Dear Judge Caproni,

    I, William Washington, pursuant to 28 U.S.C. § 1292(b), respectfully submit this motion to certify your order dated April 4, 2024, denying my motion for disqualification (EFC Doc. No. 1368), for interlocutory appeal. This request is grounded in the belief that immediate appeal may materially advance the termination of litigation and involves a controlling question of law as to which there is substantial ground for difference of opinion.

    <u>Controlling Question of Law:</u> The question at hand—whether the circumstances cited in my motion for disqualification, particularly regarding the SF-95 claim and systemic barriers, warrant disqualification under 28 U.S.C. § 455—presents a controlling question of law. The interpretation and application of § 455, especially in the unique context of this case, are pivotal in ensuring the fair administration of justice and upholding the standards of judicial impartiality required by law.

    <u>Substantial Ground for Difference of Opinion:</u> The complexity of the issues involved, including the potential for a conflict of interest arising from a claim for damages against a presiding judge and the unprecedented barriers to appellate court access, represents a substantial ground for difference of opinion among jurists. The novelty and significance of these issues, particularly in their implications for judicial process integrity, underscore the necessity for appellate review.

    <u>Advancement of Litigation Termination:</u> An interlocutory appeal at this juncture may materially advance the ultimate termination of the litigation. Clarification and authoritative guidance from the appellate court on these critical legal questions will ensure the litigation proceeds on a foundation that respects the principles of fairness, impartiality, and access to justice, potentially obviating future disputes or appeals concerning these fundamental issues.

In light of the foregoing, I respectfully request that this Court certify its order denying my motion for disqualification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Such certification is essential to address the significant legal questions presented and to ensure the litigation proceeds in a manner consistent with the principles of justice and fairness that underpin our legal system.

Thank you for your consideration of this matter. I am prepared to provide any further information required and respectfully await the Court's decision.

Sincerely,

By: /s/William Washington
William J. Washington, Pro Se

> Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Because the Court finds that none of these factors is met, the application is DENIED.
>
> SO ORDERED.
>
> *[signature: Valerie Caproni]*    04/04/2024
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE