**MEMO ENDORSED**

April 8, 2024

**BY EFC**
Hon. Judge Valerie E. Caproni
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/09/2024

Re: *Motion to Reconsider Trial Schedule and Discovery Access*
Case No.: *United States v. Washington S9 21 CR 00603 (VEC)*

Dear Judge Caproni,

I, William James Washington, as the pro se defendant in the case at hand, respectfully petition for reconsideration of the Court's decision dated April 5, 2024 (Document 1372), which declined my request for a trial continuance and enhanced access to discovery. This petition is propelled by significant developments, including legal oversights, and critical factors previously not fully appreciated or evaluated by the Court.

### I. Introduction and Background

In light of the Court's decision on March 27, 2024 (Document 1350), which acknowledged the ineffective assistance rendered by my previous counsel, the Court graciously allowed me to withdraw my guilty plea. This acknowledgment was a pivotal moment, affirming my Sixth Amendment rights to effective legal representation. Subsequently, a trial date was scheduled for June 24, 2024, presuming my adequate access to discovery and sufficient preparation time—a presumption that now appears inadvertently flawed and overlooks significant procedural and factual nuances.

### II. Grounds for Reconsideration

#### A. Supreme Court's Mandate for a Fair Trial as a Remedy for Ineffective Assistance of Counsel.

As established in *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court underscored that the remedy for a breach of the right to effective assistance of counsel is a proceeding that rectifies this unfairness, ideally a trial conducted with the aid of competent counsel. The denial of a continuance and adequate discovery access contradicts this directive, inadvertently limiting my capacity to prepare effectively for trial—an essential component of the fair trial promised as a remedy for the Ineffective assistance of counsel I endured.

### B. Contradiction in Court's Decisions

While the Court's order to withdraw my guilty plea due to Ineffective assistance of counsel signified a step towards rectifying procedural injustices, the subsequent denial of additional preparation time creates an inherent contradiction within the Court's decisions. This contradiction not only affects my ability to adequately prepare a defense but also raises concerns about the fairness and integrity of the upcoming trial process.

### C. Concerns Over Potential Retaliatory Measures

The denial of additional preparation time and enhanced access to discovery, closely following the court's acknowledgment of past counsel's ineffectiveness, paints a concerning picture of judicial retaliation that merits rigorous examination. Specifically, this action stands in stark contradiction to the substantive claims meticulously documented against Judge Valerie E. Caproni and Scott Tulman, underscoring a pattern of behavior that could be construed as punitive rather than corrective or remedial.

Document 1349, filed on March 27, 2024, serves as a pivotal piece of evidence, outlining comprehensive grievances against the conduct of Judge Caproni and attorney Scott Tulman. The document reveals a disturbing narrative of potential judicial and legal missteps, including but not limited to breaches of constitutional rights, procedural fairness, and ethical standards. These allegations, grounded in detailed accounts and evidence within the court record, suggest a systemic disregard for the principles of justice and due process.

Among the most troubling assertions are those relating to the ineffective assistance of counsel, where neglect in the thorough investigation, examination of evidence, and deficient communication have been starkly highlighted (EFC Document No. 1274). Furthermore, accusations of misuse of signature and fraud, unauthorized appropriation of the defendant's signature on plea agreements, underscore a blatant erosion of informed consent and voluntariness (EFC Document No. 1315 at page 7).

Moreover, the withholding of exculpatory evidence, in direct violation of Brady rights, facilitated under the court's acquiescence or implicit endorsement, represents a profound compromise to the integrity of a fair and impartial trial (EFC Document No. 1052 at page 2 and EFC Document No. 1306 at page 6). Such actions not only question the fairness of the trial process but also raise significant concerns about the court's and counsel's commitment to upholding constitutional safeguards and procedural justice.

These documented instances, when viewed collectively, suggest a troubling pattern of conduct that may be perceived as retaliatory measures against the exercise of constitutional rights. The court's and counsel's actions, as outlined in these documents, reflect a punitive stance that diverges from the judiciary's fundamental commitment to fairness, equity, and the rectification of identified injustices within its purview.

In light of these considerations, the decision to deny additional preparation time not only exacerbates the defendant's procedural disadvantages but also reinforces the perception of judicial and legal retaliation. This perception, rooted in documented claims and evidence within the court record, underscores the necessity for a thorough reconsideration of the court's previous orders to align with the principles of justice, fairness, and the constitutional rights guaranteed to the defendant.

### D.  Lack of Cumulative Discovery Access

Contrary to the implications of the denial of my motion for a continuance, a significant gap remains in my access to discovery, which is foundational to preparing my defense adequately. The defendant posits that throughout the duration of this case, there has been a stark absence of evidence to indicate that they have been afforded access to cumulative discovery, as is their right under Federal Rule of Criminal Procedure 16. This cumulative discovery encompasses both global discovery relevant to the overarching case and discovery specifically pertinent to William Washington, which should be provided simultaneously to ensure a fair opportunity for defense preparation.

Federal Rule of Criminal Procedure 16 outlines a clear mandate for the government's provision of all discoverable materials crucial to the defense's case preparation. This includes not only materials directly relevant to the defendant but also a broader scope of global discovery that may significantly influence the context and understanding of the charges against the defendant. The observed failure to grant such comprehensive access to discovery is not merely an oversight but a clear contravention of procedural directives that safeguard the defendant's Sixth Amendment rights. This omission severely limits my capability to construct a detailed and informed defense, echoing a broader concern of procedural unfairness that contradicts the principles of justice this Court steadfastly upholds.

### III.  Conclusion and Request for Relief

In consideration of the above arguments and grounded on the principles upheld by the Supreme Court, I earnestly request the Court to revisit its April 5, 2024 order. Granting a trial continuance and ensuring comprehensive access to discovery are not only imperative for maintaining the integrity of the judicial process but are also essential measures to guarantee the fair trial rights enshrined in our Constitution.

Your reconsideration of this matter is not just a fulfillment of legal formalities but a reaffirmation of the judiciary's role in upholding justice, fairness, and the constitutional rights of individuals.

Sincerely,<br>
By:   /s/William Washington<br>
William J. Washington, Pro Se

Application DENIED. The standard under which courts evaluate a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

As the Court made clear at the March 27, 2024, conference, the Court granted the motion to withdraw the guilty plea not because it credited Dr. Washington's claims of ineffective assistance of counsel, but only because it found that reasonable minds could disagree whether his allocution was adequate. The Court expressly found on March 27, 2024, that Defendant's former appointed counsel provided effective assistance.

The Government has also repeatedly asserted that there is no *Brady* evidence and that it has satisfied its discovery obligations. *See, e.g.*, Tr., Dkt. 1296 at 19–20. As the Court noted at the March 27, 2024, hearing, broad, unsubstantiated allegations that the Government has not satisfied its disclosure obligations will not suffice. To the extent that Dr. Washington believes that he has not received discovery that he is entitled to receive at this time, he must specify which materials he believes the Government has failed to produce. Any such specifications must be filed on or before **April 19, 2024**.

The Court again reminds Dr. Washington that he is not entitled to 3500 material until trial, and the Court cannot order the Government to produce 3500 material before that time. Accordingly, while Dr. Washington seeks to adjourn trial, any adjournment of the trial date would also function to delay the production of 3500 material. That said, the Government is, as always, encouraged to produce 3500 material as early as possible.

If Dr. Washington uses his time wisely, he has ample time to prepare for trial. Dr. Washington is free to continue to allocate his time toward re-arguing motions that the Court has repeatedly denied, but inefficient use of the time provided for trial preparation is not a basis for an adjournment of the trial date or any deadline for pretrial filings.

SO ORDERED.

04/09/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE