USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA            :
                                    :
         -against-                  :     21-CR-603 (VEC)
                                    :
WILLIAM WASHINGTON,                 :     ORDER
                                    :
                        Defendant.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 7, 2024, the Court ordered Defendant's former defense counsel to work with the Coordinating Discovery Attorney ("CDA") to produce to Dr. Washington the discovery material in this matter, except for material designated attorneys' eyes only and 3500 material, Order, Dkt. 1284; and

WHEREAS on April 19, 2024, the Defendant moved for an order compelling the Government to disclose various documents and for reconsideration of the Court's prior orders denying his request for an adjournment of the trial in this matter, Mot., Dkt. 1398.

IT IS HEREBY ORDERED that, for the reasons set forth in the Court's April 9, 2024, Order, Dr. Washington's motion for reconsideration of the Court's prior decision denying his adjournment request is DENIED. Jury selection and trial in this matter will commence as previously scheduled on **Monday, June 24, 2024, at 9:30 A.M.**, and the final pretrial conference will be held on **Friday, June 21, 2024, at 10:30 A.M.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

The Court reminds Dr. Washington that, although the Court understands that Dr. Washington does not wish to proceed to trial on that date, defying a Court order by failing to appear at a conference or at trial may be grounds to revoke his bail and detain him pending trial.

1

The Court responds briefly to Dr. Washington's claims that its orders setting the trial schedule in this matter and requiring him to specify the materials to which he believes that he is entitled, but allegedly does not have, are in derogation of his constitutional rights.

First, the Court notes that the doctrine of completeness, *see* Mot. at 1, has no relevance to the question of whether the Government has satisfied its disclosure obligations. The doctrine of completeness is an evidentiary rule governing the admissibility of materials at trial and has no bearing on the Government's disclosure obligations. *See United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (explaining that "the doctrine of completeness arose to permit a party against whom a part of a writing or utterance has been introduced to . . . complement it by putting in the remainder . . . ." (cleaned up)).

Second, Dr. Washington's Sixth Amendment rights have not been violated despite his conclusory claim to the contrary. Mot. at 2. There is no Sixth Amendment right "to mount an effective defense." *Id*. Dr. Washington has chosen to exercise his Sixth Amendment rights to proceed *pro se* and to proceed to trial, despite being advised that representing himself is not likely in his best interests because he is not a trained attorney. Nonetheless, as a single defendant proceeding to trial, he has more than sufficient time to prepare adequately for trial if he uses his time wisely.

IT IS FURTHER ORDERED that, to the extent Dr. Washington's motion may be construed as a request for a bill of particulars, *see id.* at 10–11, that motion is DENIED. As an initial matter, the time to file pretrial motions has lapsed. Furthermore, a "bill of particulars is not meant to be a tool to compel disclosure of the Government's case before trial." *United States v. Fruchter*, 104 F. Supp. 2d 289, 311 (S.D.N.Y. 2000) (citations omitted). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the

defendant of the specific acts of which he is accused." *United States v. Ojeda*, 412 F. App'x 410, 411 (2d Cir. 2011) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)). "The ultimate test is whether the information sought is necessary, not whether it is helpful." *United States v. Morgan*, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010) (citations omitted).

In this case, the relevant superseding indictment alleges that the invoices from Defendant's medical practice for services provided to Messrs. Palacio and Ely were false because the dates provided on the invoices do not correspond to dates on which the purported patients were in Washington State, which is where Defendant's practice was located. S9, Dkt. 927 ¶ 55. As the Defendant notes, these are "detailed allegations," Mot. at 3, and they provide adequate notice for the Defendant to understand the charges.

IT IS FURTHER ORDERED that Dr. Washington's motion to compel production of documents is DENIED in part.

The Court notes, at the outset, that Dr. Washington's motion was singularly unhelpful in identifying for the Court the materials that the Government is required to provide that it has not already provided to him. Prior to trial, the Government is required only to produce Federal Rule of Criminal Procedure 16 material[1] and *Brady*/*Giglio* materials. While the Court will look to the Government to confirm that all such materials were included within the discovery material that the Defendant has already been provided by the CDA, having presided over the trial of his co-defendants and received regular updates from the CDA, the Court is aware that there was a comprehensive production of discovery material, including telephone, financial, and Plan records

---

[1] Rule 16 requires production of the Defendant's statements and criminal record; documents and objects that are in the Government's possession and control and that are (i) material to preparing a defense, (ii) are intended to be used by the Government in its case-in-chief, or (iii) were obtained from or belong to the defendant; and scientific, expert, or medical reports and evidence.

related to the charged scheme. Thus, by way of example, the Court is confident that the Defendant has already been provided with records showing all charges made by Wellness Office-1 to the Plan debit cards that were issued to Melvin Ely and Milton Palacio, *see* Mot. at 8, all WhatsApp messages the Government possesses among Messrs. Washington, Williams, Ely, Miles and Palacio, *see, e.g.*, *id*. at 10, 11, 17, 19, and all pertinent audio recordings of calls to Pro-Flex, *id*. at 3.

The fact that Defendant wasted time drafting a nineteen-page, single-spaced letter moving the Court to compel the production of documents that, at least in large part, he already has strongly suggests that the Defendant either has not reviewed the materials in his possession or is simply trying to waste his time, the Government's time, and the Court's time with frivolous requests. Neither the Government nor the Court is responsible for collating the relevant evidence against the Defendant or explaining how that evidence may be used against him.

Dr. Washington's motion for an order compelling the Government to disclose 3500 material and its communications with witnesses who may testify at trial is DENIED. *See, e.g.*, Mot. at 3–5, 8, 11. As the Court has repeatedly explained, it has no authority to compel the Government to disclose 3500 material prior to trial, although the Government is encouraged, as always, to produce 3500 material as early as possible. *See* 18 U.S.C. § 3500 (noting that the Government is not required to turn over any statement or report made by a prospective Government witness "until said witness has testified on direct examination in the trial of the case"); *see also United States v. Percevault*, 490 F.2d 126, 131–32 (2d Cir. 1974) (holding that the district court has no power to order pretrial production of 3500 material); Fed. R. of Crim. P. 26.2 (noting that the Court must order a party calling a witness to disclose materials containing that witness's statements after the witness testifies).

Moreover, even when the Government is required to produce such materials, it is only obligated to provide "statements" as that term is defined in 18 U.S.C. § 3500(e). Specifically, it is required to produce any written statement of the witness that is "signed or otherwise adopted or approved" by the witness, verbatim or nearly verbatim transcriptions of the witness's statements, and any testimony before the grand jury of the witness. Communications between the Government and prospective witnesses that do not contain witness statements as defined do not fall within the ambit of Section 3500 or Rule 26.2 and are not discoverable, and Dr. Washington is not entitled to them. *See United States v. Shah*, 2022 WL 1284550, at *2 (S.D.N.Y. Apr. 29, 2022) (denying defendant's request for documents and communications between the government and prospective witnesses).

Dr. Washington's request for an order compelling the Government to produce various internal communications, analyses, and documents, including detailed chain of custody documentation, is DENIED. Pursuant to Federal Rule of Criminal Procedure 16(a)(2), the Government is not required to produce "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Nor is Dr. Washington entitled to a "[s]pecific articulation of any action taken based on the collected data, including but not limited to . . . law enforcement activities that were pursued." Mot. at 6. Dr. Washington has failed to demonstrate how such evidence would be material to his defense, and "the Government is not required to create a document to respond to a defense request for discovery." *United States v. Healey*, 860 F. Supp. 2d 262, 270 n.40 (S.D.N.Y. Jan. 24, 2012) (quotation omitted).

"[T]he chain of custody is a method of authentication," and "[a]lleged breaks in the chain typically do not bear upon the admissibility of evidence . . . ." *United States v. Reid*, 650 F.

Supp. 3d 182, 196 (S.D.N.Y. Jan. 11, 2023) (quoting *United States v. Bout*, 651 F. App'x 62, 64 (2d Cir. 2016)).  Dr. Washington offers nothing more than pure speculation that the Government will be unable to authenticate its evidence because it cannot prove a chain of custody.  *See id.* (denying motion to require the Government to satisfy chain of custody requirements).

    Included within this denial are Defendant's requests for:

1. All requests for documentation regarding the chain of custody (*see, e.g.*, Mot. at 3–6, 8–16, 18)

2. Internal communications, investigative reports, or other internal documents regarding Mr. Williams's alleged impersonation of Dr. Washington (Requests 1.A, 1.C, *id.* at 3)

3. Government analyses "that differentiate between the communications directly involving Aaron Kiviat and those where Terrence Williams may have impersonated him." (Request 12, *id.* at 9)

4. Information relating to the Government's compliance with various policies and procedures, and communications or documents concerning those policies and procedures (Requests 13–14, *id.* at 9–10)

5. Internal communications, analyses, or other documents regarding various financial transactions (Request 23, *id.* at 13)

6. All other requests for the Government's internal documents, analyses or explanation of the evidence (*see, e.g.*, *id.* at 2–4, 6–18)

Dr. Washington's request for information relating to the Government's various external email or other communications is DENIED.  *See* Mot. at 4, 13.  Dr. Washington has not specifically articulated how this information is material to his defense beyond a desire to engage in an impermissible fishing expedition.  *See, e.g.*, *United States v. Finnerty*, 411 F. Supp. 2d 428,

431 (S.D.N.Y. Jan. 27, 2006) (noting that a defendant must make a *prima facie* showing that the requested documents are material to his defense).

IT IS FURTHER ORDERED that Dr. Washington's motion to compel the Government to produce the identities of its witnesses is DENIED. *See* Mot. at 13–14. Rule 16 does not require the Government to disclose this information, and, at this time, the Court declines to exercise its discretion to require such disclosure pursuant to *Untied States v. Turkish*, 458 F. Supp. 874, 881 (S.D.N.Y. 1978). *See also United States v. Lopez*, 2019 WL 4733603, at *10 (S.D.N.Y. Sept. 27, 2019) (citing *Turkish*, 458 F. Supp. at 880–81, and declining to order the Government to produce its witness list). The Defendant already knows the names of several witnesses or parties implicated by the Government's evidence, some of whom are co-defendants, *see* Mot. at 13–14, and Dr. Washington has not demonstrated that the identities of other individuals, such as an unnamed Assistant District Attorney and Private Investigator, are relevant, let alone fall within any category of material to which he is entitled at this time. *See Finnerty*, 411 F. Supp. 2d at 431.

In light of Dr. Washington's request for the "identification details of Melvin Ely," who is a cooperating witness in this matter, Mot. at 14, the Court warns Dr. Washington that any attempts to discourage Mr. Ely from testifying may violate federal criminal law, *see* 18 U.S.C. § 1512, and may be grounds to revoke Dr. Washington's bail and detain him pending trial.

IT IS FURTHER ORDERED that Dr. Washington's motion to compel the Government to produce *Brady* and *Giglio* material is DENIED as moot. Mot. at 2. As the Court noted in its prior Order, the Government has confirmed, on the record, that there is no *Brady* material that has not been produced. Order, Dkt. 1375. Out of an abundance of caution, however, the Court reminds the Government that, pursuant to *Brady v. Maryland*, "[t]he prosecution has a

7

constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).  The Government must disclose such material when it is reasonably probable that the outcome of a trial in which the evidence had been disclosed would differ from one in which it had not been. *Id*. at 142.  As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  That said, "as long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Coppa*, 267 F.3d at 144.

IT IS FURTHER ORDERED that Dr. Washington's request for information related to the proceedings against Milton Palacio is DENIED.  Mot. at 15–16.  The transcripts of the proceedings in that matter and all filings are available on the public docket.  Although Dr. Washington has not demonstrated that Mr. Palacio's plea agreement is in any way material to his defense, if Mr. Palacio will be a witness at trial, his plea agreement will be *Giglio* material.  The Government is encouraged to decide promptly whether it will call Mr. Palacio and, if so, to produce his plea agreement.

IT IS FURTHER ORDERED that not later than **April 26, 2024**, the Government must file a letter setting forth its position on the following issues:

1. Whether, in light of the fact that Dr. Washington has withdrawn his guilty plea and is scheduled to proceed to trial in June 2024, the Court should order the CDA to provide Dr. Washington access to materials previously designated as attorneys' eyes only, and

if so, whether the database contains any 3500 material marked as attorneys' eyes only.

2. Whether the remaining materials requested by Dr. Washington exist, and if so, whether they were provided to the CDA on a non-attorneys' eyes only basis, and accordingly, are contained within the materials previously provided by the CDA to Dr. Washington, or, if not, why the Government contends Dr. Washington is not entitled to those materials.

3. Whether the Government will seek to introduce evidence regarding Dr. Washington's conduct during the period he was allegedly being threatened or impersonated by Mr. Williams.  See Opinion, Dkt. 1047 (holding that, "[t]o the extent that the Government does not seek to introduce evidence regarding Dr. Washington's conduct during the period he was allegedly being threatened or impersonated by Mr. Williams . . . Mr. Williams's conduct bears no relevance to the charged crime and is, therefore, not admissible.")

**Date:  April 23, 2024**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**