USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA                  :
                                          :
    -against-                             :         21-CR-603 (VEC)
                                          :
WILLIAM WASHINGTON,                       :         ORDER
                                          :
                      Defendant.          :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 24, 2024, the Government moved to preclude Washington from introducing portions of his October 7, 2021, statement to the Federal Bureau of Investigation ("FBI"), as memorialized in the FBI 302 dated October 12, 2021, relating to his claim that he was victimized by Terrence Williams if the Government sought to admit other portions of that statement, Gov. Mot., Dkt. 1402;

WHEREAS on May 16, 2024, Washington opposed the Government's motion *in limine*, and moved for an order permitting him to introduce evidence regarding Williams' alleged victimization of Washington during and after the charged conduct, including Washington's statements reflected in the October 12, 2021, FBI 302, Def. Opp., Dkt. 1456 at 1–2; and

WHEREAS the parties appeared for oral argument on the motions *in limine* on May 24, 2024.

IT IS HEREBY ORDERED that, for the reasons stated at the hearing,

1. The Government may introduce the portions of Washington's October 12, 2021, statements as proposed during the oral argument. Those portions include the material that appears at the bottom of p. 1 of the FBI 302, before the sentence "WASHINGTON is

1

the victim of a scam." That material was requested by Washington to be included under the "rule of completeness." Fed. R. Evid. 106.

2. Dr. Washington may not introduce evidence of alleged extortion or victimization that occurred during periods other than the charged conduct, March 2019 through July 2020, because such evidence is not relevant and therefore is not admissible. Fed. R. Evid. 402; *see also* Op., Dkt. 1038 at 18. To the extent there is some marginal relevance to the material, it is excluded pursuant to Federal Rule of Evidence 403 because of the danger of confusion of the issues and misleading the jury outweighs its probative value.

3. Dr. Washington may not introduce evidence that he attempted to or did transfer some or all of the money he received from the Plan to others because that evidence is not relevant and therefore is not admissible. Fed. R. Evid. 402. To the extent there is some marginal relevance, it is excluded because the danger of confusion of the issues and misleading the jury outweighs its probative value. Fed. R. Evid. 403.

IT IS FURTHER ORDERED that, not later than **Friday, May 31, 2024**, Dr. Washington must file a letter stating whether he waives his right to standby counsel, and if he wishes to retain standby counsel at the public's expense, he must also submit a revised financial affidavit, a blank copy of which is provided at Dkt. 158. If Dr. Washington does not waive his right to standby counsel and does not submit a revised financial affidavit, the Court will order him to pay standby counsel at the applicable Criminal Justice Act rates, which currently establish a maximum rate of $172 per hour.

**Date:  May 24, 2024**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**