**MEMO ENDORSED**

May 25, 2024

<u>BY EFC</u>
Hon. Judge Valerie E. Capron
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/28/2024

**Re: United States v. Washington 21-CR-603 (VEC)**

Honorable Judge Caproni,

Defendant William Washington respectfully moves this Honorable Court to reconsider its order excluding evidence that he attempted to or did transfer some or all of the money he received from the Plan to others. The exclusion of this evidence significantly impedes the Defendant's ability to present a good faith defense.

### Background

The Court's order dated May 24, 2024 (Dkt. 1464), precludes Dr. Washington from introducing evidence that he attempted to or did transfer some or all of the money he received from the Plan to others. The Court determined that this evidence is not relevant and, to the extent there is some marginal relevance, it is excluded because the danger of confusion of the issues and misleading the jury outweighs its probative value (Fed. R. Evid. 402, 403).

### Argument

1. **Good Faith Defense:** Dr. Washington intends to assert a good faith defense, which posits that he believed his actions were legal and that he was entitled to the funds received from the Plan. The essence of this defense is that any alleged misconduct was done without wrongful intent.

2. **Relevance of Money Transfers:** The transfer or repayment of the funds received is directly relevant to establishing Dr. Washington's state of mind. Evidence that Dr. Washington acting jointly with others returned the money, supporting the argument that he believed he was acting lawfully and did not intend to defraud the Plan. The jury must consider all aspects of the Defendant's conduct to fairly evaluate his intent.

3. **Completeness and Fairness:** Excluding evidence of the transfers creates an incomplete and misleading narrative. The jury would hear that Dr. Washington received funds but would be precluded from hearing that he acting jointly with others returned those funds.

This selective exclusion skews the facts, preventing the jury from fully understanding Dr. Washington's actions and intentions. Such a skewed presentation impedes a fair trial.

4. **Balancing Probative Value and Prejudice:** While the Court expressed concerns about potential confusion, the probative value of the repayment evidence in demonstrating good faith far outweighs any potential for prejudice. The jury is capable of understanding that the return of funds can be consistent with a lack of fraudulent intent. Proper jury instructions can mitigate any risk of confusion.

### Legal Basis

5. **Good Faith Defense:** Evidence relevant to a defendant's state of mind is crucial for a good faith defense (*Cheek v. United States*, 498 U.S. 192, 202 (1991)). The exclusion of such evidence undermines the Defendant's ability to fully present this defense.

6. **Relevance and Prejudice:** Federal Rules of Evidence 401 and 403 allow for the admission of relevant evidence unless its probative value is substantially outweighed by the risk of unfair prejudice. Here, the probative value of the repayment evidence is substantial, and any risk of prejudice can be managed through jury instructions.

7. **Controlling Question of Law:** The admissibility of the repayment evidence involves a controlling question of law. This question directly impacts the Defendant's ability to present his good faith defense. The exclusion of this evidence, which relates to victimization and money transfers, affects the Defendant's ability to present a complete defense, central to the trial's outcome.

8. **Substantial Ground for Difference of Opinion:** There is substantial ground for difference of opinion regarding the admissibility of this evidence. The defense argues that it is essential for a fair trial, while the prosecution and the Court's order view it as irrelevant and potentially confusing to the jury. The Second Circuit has had conflicting interpretations of admissible evidence in the context of victimization and intent in fraud cases. For example, in United States v. Harvey, 991 F.2d 981 (2d Cir. 1993), the court permitted extensive background evidence to show the defendant's state of mind, whereas in United States v. Taylor, 562 F.2d 1345 (2d Cir. 1977), the court restricted such evidence.

9. **Impact on Litigation:** Immediate resolution of this question may materially advance the ultimate termination of the litigation. It could prevent the need for a retrial or ensure a fair trial, thereby significantly impacting the case's progression and outcome.

### Conclusion

Given these points, Defendant William Washington respectfully requests that the Court reconsider its order and allow the introduction of evidence that he attempted to or did transfer

some or all of the money received from the Plan to back. This evidence is vital for a complete and fair presentation of the good faith defense and is essential to ensure a just trial.

Furthermore, if the Court denies this reconsideration, Defendant requests that the Court certify this issue for interlocutory appeal under the collateral order doctrine, as it involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Sincerely,

/s/ William J. Washington
William J. Washington MD, Pro Se
williamwashington.prose@gmail.com

---

Application DENIED.  As the Court explained at length at the March 24, 2024, hearing, a good faith defense exists in this case if the evidence shows, among other things, that at the time he obtained the funds in question, the defendant believed that he could legally obtain those funds in the manner that he did.  Dr. Washington continues to fail to articulate how evidence regarding his attempts to repay the Plan by paying the Player Defendants after their debit cards were turned off is relevant to establish that, at the time he swiped those cards, he acted in good faith.

Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) as to which there is a substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The Court finds that none of these factors is met.

SO ORDERED.

*Valerie Caproni* (signature)

05/28/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE