USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/14/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
UNITED STATES OF AMERICA :
:
        -against- : 21-CR-603 (VEC)
:
WILLIAM WASHINGTON, : ORDER
:
                     Defendant. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on June 12, 2024, Dr. Washington moved to dismiss the Superseding Indictment (S9) ("the Indictment"), and in the alternative, to preclude the Government from introducing certain invoices at trial, to transfer venue, and for the Undersigned's recusal. *See* Mot., Dkt. 1491.

    IT IS HEREBY ORDERED that Dr. Washington's motion to dismiss the Indictment is DENIED.

    As an initial matter, the motion is untimely, as pretrial motions were due nearly two years ago, on September 23, 2022. *See* Order, Dkt. 500. Because Dr. Washington did not initially join in his co-defendants' pretrial motions, including their previously-denied motion to dismiss the Superseding Indictment (S7), the Court granted him leave to join those motions after the fact. *See* MILs Op., Dkt. 1038 at 7 n.3. No new pretrial motions were filed in the approximately fourteen months after the grand jury returned the Superseding Indictment (S9) on April 17, 2023. *See* S9, Dkt. 927.

    Dr. Washington argues that the Indictment fails adequately to specify the nature of the crimes with which he is charged and specifically fails to allege why the invoices and debit card

1

charges were fraudulent, thus depriving him of adequate notice of the charges. *See, e.g.*, Mot. at 2–9. Federal Rule of Criminal Procedure 7(c)(1) provides, however, that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "To satisfy the pleading requirements of Rule 7(c)(1), an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (cleaned up).

The Court has reviewed the Indictment and found that it is certainly "minimally sufficient" to allege health care fraud, wire fraud, conspiracy to commit health care fraud and wire fraud, and conspiracy to make false statements related to health care matters. *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999). Based on the Indictment and the record in this matter, including the discovery disclosed to the defendant and all of the evidence introduced during the first trial in this matter, the Court finds that the Defendant has more than an "adequate opportunity to prepare his defense" and would be "protected from double jeopardy in a subsequent prosecution." *See id*. (noting that courts may look to the record to determine the sufficiency of the indictment).

Because the Indictment adequately alleges that Dr. Washington violated federal criminal statutes, the Court has subject matter jurisdiction. *See United States v. Aquart*, 92 F.4th 77, 89–90 (2d Cir. 2024) (holding that federal courts have subject matter jurisdiction even if the indictment is defective). And while Dr. Washington relies on cases discussing the requirements to establish personal jurisdiction in civil matters, those requirements do not apply to criminal cases. *See United States v. Türkiye Halk Bankasi A.S.*, 426 F. Supp. 3d 23, 34 (S.D.N.Y. 2019) ("[I]t is improper to make a personal jurisdiction motion based upon the absence of minimum

U.S. contacts in a criminal case."). "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." *Id.* (quoting *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003)).

Dr. Washington's argument is, at bottom, a claim that the Government's evidence is not sufficient to support the charges in the indictment. "Unless the government has made what can be fairly described as a full proffer of the evidence it intends to present at trial[,] the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009) (quotation omitted). Dr. Washington has elected to put the Government to its proof; to the extent he believes that the Government's proof is insufficient, that is the purpose of trial. If, after full presentation of the evidence, Dr. Washington believes that the Government has not put forth sufficient proof to persuade a reasonable juror that he is guilty, he is free to move for a directed verdict. *See* Fed. R. Crim. P. 29.

IT IS FURTHER ORDERED that Dr. Washington's motion to dismiss for lack of venue, and in the alternative, for a change of venue is DENIED.

"The Indictment is facially sufficient as to venue because a reasonable jury could find venue to be proper . . . ." *United States v. Mackey*, 652 F. Supp. 3d 309, 327 (E.D.N.Y. 2023). The Indictment alleges that the NBA Plan is administered by a Board of Trustees that has offices in this District; that is sufficient to allege venue. S9 ¶ 9. Whether the NBA Plan views itself to be a victim of the alleged fraud scheme is irrelevant. *See* MILs Op. at 17 (excluding evidence of whether the NBA Plan views itself as a victim).

Federal Rule of Criminal Procedure 21(b) provides that a proceeding may be transferred to a different district "for the convenience of the parties, any victim, and the witnesses, and in the

interest of justice." In evaluating whether transfer is appropriate under Rule 21(b), courts consider the so-called *Platt* factors. *See United States v. Keuylian*, 602 F.2d 1033, 1038 (2d Cir. 1979) (citing *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964)). The decision whether to transfer trial rests within the discretion of the district court, and the burden to demonstrate transfer is appropriate rests on the moving party. *United States v. Shvartsman*, 2024 WL 1258393, at *3 (S.D.N.Y. Mar. 25, 2024). "[I]t has been the general rule for decades that a criminal prosecution should be retained in the original district." *Id*. at *2 (collecting cases).

Dr. Washington argues for transfer primarily because both he and several potential defense witnesses reside in Washington. *See* Mot. at 18. As the Court has previously noted, however, it is far from clear that any of those witnesses' testimony will be admissible. Order, Dkt. 1489. And while the location of the defendant goes to the *Platt* factors, "the Supreme Court has made clear that a defendant's residence 'has no independent significance' and should not be given dispositive weight" in deciding a motion to transfer. *United States v. Canale*, 2015 WL 3767147, at *5 (S.D.N.Y. June 17, 2015) (quoting *Platt*, 376 U.S. at 245). Furthermore, "any inconvenience to defendant is reduced by the fact that the trial is unlikely to last more than one week." *Id*.

The remaining *Platt* factors on which Dr. Washington relies do not warrant transfer. As to the location of evidence, that "is not a major concern in these days of easy and rapid transportation." *Shvartsman*, 2024 WL 1258393, at *4. Nor does the interest of justice warrant transfer, especially in light of the additional cost and delay that a transfer would inevitably cause. *See id*. at *3 (noting that the interest of justice generally does not warrant transfer if venue is proper in the district in which the defendant is indicted).

For obvious reasons, "a greater showing of inconvenience is . . . required when a transfer is sought late in the proceedings." *United States v. Taylor*, 562 F.2d 1345, 1363 (2d Cir. 1977). Trial is ten days away. The Court has already conducted one trial in this matter, numerous pretrial motions and motions *in limine* have been litigated, and the parties have begun trial preparation. Moreover, jurors have already been summoned in anticipation of this trial starting on June 24, 2024.

In sum, on careful consideration of all of the *Platt* factors, the Court finds that transfer is not warranted.

IT IS FURTHER ORDERED that Dr. Washington's motion to dismiss the Indictment because his Sixth Amendment rights have been violated by his inability to obtain e-filing privileges with the Second Circuit and to file interlocutory appeals is DENIED. As the Court has already explained, under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." None of those factors is present in this case. As to Defendant's inability to e-file documents in the Second Circuit, this Court has no control or influence over that. All complaints regarding the Second Circuit or its clerk are appropriately directed to that Court.

IT IS FURTHER ORDERED that Dr. Washington's motion for the Undersigned's recusal is DENIED. None of the circumstances warranting disqualification enumerated in 28 U.S.C. § 455(b) is present, and there is no ground on which the Undersigned's "impartiality might reasonably be questioned" pursuant to § 455(a). Just as the Court has a duty to recuse itself if recusal is warranted, the Court has an equal duty not to recuse when it is not warranted.

Although Dr. Washington has clearly taken issue with the Court's scheduling orders, the Court reminds Dr. Washington that he represented to the Court on March 21, 2024, that he was "prepared to proceed to trial immediately," Reply, Dkt. 1338 at 14, and, on May 29, 2024, objected to the Court excluding time under the Speedy Trial Act, Letter, Dkt. 1468. The trial date was set approximately eleven weeks ago. Order, Dkt. 1350. If the Defendant would allocate his time to trial preparation rather than to relitigating motions already decided and to raising spurious arguments, he would have ample time to prepare for trial. The Court reminds the Defendant again that it has been and continues to be his responsibility to use his time wisely.

IT IS FURTHER ORDERED that the parties are ordered to be prepared to discuss Dr. Washington's untimely motion in *limine* to exclude "the invoices" under Federal Rule of Evidence 403 at the final pretrial conference.

IT IS FURTHER ORDERED that in light of the fact that Dr. Washington represents that he is unable to access the hearing transcripts in this matter, Mot. at 8, he is advised that standby counsel may order any transcripts that he seeks to obtain.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at Dkt. 1491, to transmit a copy of the motion at Dkt. 1491 to the Second Circuit, and to note the transmittal on the docket.

**SO ORDERED.**

Dated: June 14, 2024
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**