# MEMO ENDORSED

**June 18, 2024**

**BY EFC**

Hon. Judge Valerie E. Capron
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

<table>
<tr><td>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:   06/20/2024</td></tr>
</table>

**Re: United States v. Washington 21-CR-603 (VEC)**

Dear Judge Caproni,

I am writing to respectfully request that this Court issue an order to admit evidence related to the Plan's counsel statement and internal communications, which indicate that the Plan did not consider itself a victim of the alleged conduct. This evidence is crucial for establishing the context and intent behind Dr. Washington's actions, as well as challenging the prosecution's narrative. The Government's own documents and statements support this position, and the exclusion of such evidence would undermine the fairness of the trial.

**ARGUMENT**

1. <u>**Relevance Under FRE 401, Relevance of the Plan's Counsel Statement:**</u>

The Plan's counsel's statement, as disclosed in a Brady letter, indicates that the Plan did not consider itself a victim of the alleged fraudulent conduct. The statement reads:

> *"[I]t's not the client's position that we (the HRA) are the victims, it is collectively a view from the HRA that, assuming the allegations are true, it's not laudable conduct, but that the players were stealing their own money, because of the siloed nature of the accounts and because the accounts are funded based on the players' service as part of labor negotiations. This is not like HRA structures where there is a pot of money and everyone suffers. Victims [is] not a word we've used internally."*

See, EFC No. 544 at 8[1].

---

[1] See, EFC No. 1038 at 17, Para.,VI. <u>Evidence Regarding The Plan's Opinion on Whether It Is a Victim, Its Failure to Detect the Scheme Sooner, and Mr. Williams's Threats and Impersonation of Dr. Washington Are Inadmissible.</u>

This statement is directly relevant to the prosecution's narrative that the Plan suffered losses due to fraudulent conduct. Federal Rule of Evidence 401 requires evidence to have a tendency to make a fact more or less probable than it would be without the evidence. Here, the Plan's position that it did not consider itself a victim directly contradicts the prosecution's claims of fraud and is therefore highly relevant.

2. **Establishing Context and Intent, Context of Communications and Investigations:**

The internal communications and procedures of the NBA Plan, as detailed by key employees such as Jennifer Moore and Jennifer Green, provide critical context for understanding Dr. Washington's interactions with the Plan. The Plan's procedures indicate that <u>claims</u> were reimbursed based on the validity and completeness of the documentation submitted.

The Plan's approach to handling Dr. Washington's calls, as well as their internal discussions, reveal how they viewed and treated him in comparison to other individuals. The fact that the Plan discussed sensitive account details and issues with non-members but refused to discuss account details with Dr. Washington is crucial for understanding the bias and targeting in their investigation.

For example, Jennifer Green's notes from conversations with Dr. Washington indicate a pattern of differential treatment. Her notes from a call on December 13, 2019, state:

> *"I remember that he was agitated. For us to approve claims, we needed to see five things, which we were not getting: provider's name, provider's address, patient's name, cost, service rendered, description of the service, along with the date. If they didn't align, we questioned a claim"*

(USAO_3511-004, page 1)

This statement underscores a potentially biased approach toward Dr. Washington, impacting the fairness of their investigation and their recollection of events.

3. **Internal Consensus and Bias, Internal Consensus and Bias in Investigations:**

The Government's disclosed letter that, as early as June 2020, counsel for the NBA Plan explained that each player had individual accounts funded based on their service, and that taking money from these accounts was essentially "stealing their own money." This

understanding was shared internally among the Plan's employees, including key witnesses such as Jennifer Moore and Jennifer Green.

This internal consensus among the Plan's employees supports the argument that the Plan did not view itself as a victim, which is critical to evaluating the credibility and motive of any testimony these employees might provide regarding Dr. Washington's intent.

Furthermore, this consensus helps to demonstrate a potential bias in how the Plan conducted its investigation, targeting Dr. Washington as the perpetrator while positioning the players as victims. This bias is relevant to understanding the context of the Plan's actions and the fairness of their investigation.

The Plan's collective agenda of protecting the players/members as victims of fraud, may have influenced their treatment of Dr. Washington, unfairly casting him in a negative light without. This is evident from the differential treatment he received during phone calls and the reluctance of Plan employees to discuss account details with him, despite being willing to discuss sensitive issues with non-members.

**CONCLUSION**

For the foregoing reasons, I respectfully request that this Court admit the evidence related to the Plan's counsel statement and internal communications. Such evidence is highly relevant, provides crucial context, and supports the defense's position regarding Dr. Washington's intent. Admitting this evidence ensures a fair trial and allows the jury to consider all pertinent facts, especially when evaluating the credibility and motive of key witnesses such as Jennifer Moore and Jennifer Green, and understanding the potential bias and collective agenda in the Plan's investigation.

Application DENIED. As the Court explained in its prior Opinion, the Plan's views on whether it is a victim are wholly irrelevant. Op., Dkt. 1047 at 17. Furthermore, the motion *in limine* is untimely. The deadline for the parties to submit supplemental motions *in limine* was April 24, 2024. Dr. Washington is also advised that that the ProFlex witnesses will not testify as to his intent.

SO ORDERED.

*Valerie Caproni*                    06/20/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully Submitted

/s/ William J. Washington
William J. Washington MD, Pro Se