

June 18, 2024

**BY EFC**
Hon. Judge Valerie E. Capron
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/20/2024
```

**Re: United States v. Washington 21-CR-603 (VEC)**

Dear Judge Caproni,

**MOTION FOR LEAVE TO APPEAL UNDER 28 U.S.C. § 1292(b)**

INTRODUCTION

Defendant William Washington, appearing pro se, respectfully moves this Court for an order certifying its decision dated June 14, 2024 (Dkt. 1496), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This motion is made on the grounds that the Court's order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

BACKGROUND

On June 12, 2024, Defendant filed a motion to dismiss the indictment, or in the alternative, to preclude the Government from introducing certain invoices at trial, to transfer venue, and for the recusal of Judge Caproni. The Court denied these motions in its order dated June 14, 2024 (Dkt. 1496).

CONTROLLING QUESTIONS OF LAW

The controlling questions of law raised by the Court's order are:

1. Whether the indictment against William Washington sufficiently informs him of the nature and cause of the accusations against him, as required by the Sixth Amendment and Federal Rule of Criminal Procedure 7(c)(1).

2. Whether the alleged insufficiency of detail in the indictment and the lack of specific allegations regarding fraudulent intent and material misrepresentation render the indictment constitutionally inadequate.

3. Whether the venue for this case is properly laid in the Southern District of New York given the lack of specific activities by the Defendant or significant overt acts that took place within this district.

4. Whether the denial of e-filing privileges and the inability to access interlocutory appeals constitute a violation of the Defendant's due process rights under the Sixth Amendment.

5. Whether Judge Caproni's refusal to recuse herself constitutes an appearance of bias or partiality under 28 U.S.C. § 455(a).

**SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION**

There is substantial ground for difference of opinion on these questions, as evidenced by:

1. Conflicting interpretations of the requirements for a constitutionally sufficient indictment under the Sixth Amendment and Rule 7(c)(1) in various circuits.

2. Divergent views on the application of venue provisions in criminal cases, particularly in complex fraud cases involving multiple jurisdictions.

3. The ongoing debate over the impact of procedural barriers, such as the denial of e-filing privileges, on the due process rights of pro se defendants.

4. The legal standards governing judicial recusal and the appearance of bias, especially in cases involving allegations of conflict of interest and procedural improprieties.

**MATERIAL ADVANCEMENT OF LITIGATION**

An immediate appeal will materially advance the ultimate termination of this litigation by:

1. Providing clarity on the legal sufficiency of the indictment, potentially leading to its dismissal or necessitating its amendment.

2. Resolving the question of proper venue, which could result in the transfer of the case to a more appropriate jurisdiction, thereby facilitating a fairer and more efficient trial process.

3. Addressing the due process implications of procedural barriers, ensuring that the Defendant's rights are protected and that the trial proceeds on a constitutionally sound basis.

4. Determining whether recusal is warranted, thereby addressing any potential appearance of bias and ensuring the impartiality of judicial proceedings.

**ARGUMENT**

**1. Sixth Amendment Violation Due to Denial of E-Filing Privileges**

The Court's order dismisses the Sixth Amendment claim regarding the denial of e-filing privileges and access to interlocutory appeals, asserting that none of the factors for certification under 28 U.S.C. § 1292(b) are present. However, this dismissal overlooks the significant impact of these procedural barriers on the Defendant's ability to effectively mount his defense and seek timely judicial review.

The denial of e-filing privileges and access to interlocutory appeals directly impedes the Defendant's right to a fair trial by hindering his ability to challenge adverse rulings and procedural decisions in a timely manner. This situation creates a substantial ground for difference of opinion regarding the interpretation and application of due process rights under the Sixth Amendment in the context of modern procedural requirements.

**2. Controlling Question of Law: Venue and Indictment Sufficiency**

The Court's decision to deny the motion to dismiss for lack of venue and the insufficiency of the indictment also presents controlling questions of law. The Defendant's arguments raise significant issues regarding the interpretation of venue provisions and the constitutional requirements for a valid indictment. These issues are central to the resolution of the case and warrant immediate appellate review to ensure that the trial proceeds on a proper legal foundation.

**3. Judicial Recusal and Appearance of Bias**

The Court's refusal to recuse itself despite the Defendant's claims of bias and conflict of interest under 28 U.S.C. § 455(a) presents another critical question of law. The standards governing judicial recusal are essential to maintaining public confidence in the impartiality and integrity of the judiciary. The Defendant's allegations, supported by specific instances of procedural irregularities and perceived bias, justify a substantial ground for difference of opinion on this issue.

**CONCLUSION**

For the foregoing reasons, Defendant William Washington respectfully requests that this Court certify its June 14, 2024 order (Dkt. 1496) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully Submitted,

/s/ William J. Washington
William J. Washington MD, Pro Se

Application DENIED. The Court finds that none of the factors under 28 U.S.C. § 1292(b) is met because the Court's order at Dkt. 1496 did not "involve[] a controlling question of law" as to which there is a "substantial ground for difference of opinion," and because an appeal at this juncture would not "materially advance the ultimate termination of the litigation."

To the extent that Dr. Washington's letter may be construed as yet another motion for the Undersigned's recusal, that motion is also DENIED. None of the circumstances warranting disqualification enumerated in 28 U.S.C. § 455(b) is present, and there is no basis for the Undersigned's impartiality to "reasonably be questioned" pursuant to § 455(a).

SO ORDERED.

06/20/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE