**MEMO ENDORSED**

November 5, 2024

**VIA ELECTRONIC MAIL**
Hon. Judge Valerie E. Caproni
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2024

Re: *United States v. Washington S9 21 CR 00603 (VEC)*

Dear Honorable Judge Caproni,

William Washington, the Defendant, pursuant to Fed. R. Crim. P. 32(b)(6)(D) and 32(i)(3), seeks permission to file out-of-time objections to the presentence investigation report. The objections were due on November 4, 2024, but were not filed on time due to inadvertent error.

Under Fed. R. Crim. P. 32(b)(6)(D), courts have discretionary authority to consider untimely objections to pre-sentencing reports for "good cause." The rule does not specifically define "good cause," nor does the Advisory Committee's Notes provide extensive guidance. In *United States v. Albright*, 115 F. Supp. 2d 1271 (D. Kan. 2000), "good cause" logically refers to a reason for the delay that does not undermine the purpose of timely identification, narrowing, and resolution of PSR objections. "[G]ood cause may consist either of a valid reason for the delay or a showing that the matter being challenged would result in the defendant receiving a sentence that 'is simply wrong, with no basis in fact.'" *United States v. Young*, 1996 U.S. Dist. LEXIS 18958 (S.D.N.Y. Dec. 24, 1996). In other contexts, courts define "good cause" as a substantial, good-faith reason (*Gambino v. Morris*, 134 F.3d 156, 161 (3rd Cir. 1998)), rejecting mere mistake, inadvertence, or neglect (*In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996) applying Rule 4(j) of the Federal Rules of Civil Procedure). Courts also consider diligence in meeting deadlines (*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) applying Rule 16(b) of the Federal Rules of Civil Procedure).

In this instance, the Defendant has acted with diligence in preparing sentencing objections, hiring an independent research firm to assist. Exhibit A - Receipts. As a pro se litigant, navigating the criminal justice system is challenging, yet the Defendant has acted as quickly as possible despite these obstacles.

Additionally, the Defendant emphasizes that the government has not suffered prejudice due to the late filing. The objections are necessary to ensure a fair sentence, as the Defendant is entitled to be sentenced based on accurate and reliable information and to resolve all disputed matters. The United States Supreme Court has recognized that due process requires sentencing based on accurate information (*United States v. Tucker*, 404 U.S. 443 (1972)), and the "sole interest of the

1

defendant in sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information" (*United States v. Lopez*, 898 F.2d 1505, 1512 (11th Cir. 1990)).

WHEREFORE, in light of the foregoing, the Defendant respectfully requests that this Honorable Court permit the filing of out-of-time objections to the presentence investigation report.

Sincerely,

By: /s/William Washington
William J. Washington, Pro Se

Application GRANTED. Dr. Washington must submit any objections to the pre-sentencing investigation report not later than **tomorrow, November 7, 2024, at 5:00 P.M.** The parties are reminded that pre-sentencing submissions are due November 11, 2024.

SO ORDERED.

*[signature]*  11/6/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2