**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:21-cr-00603-VEC-21 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Valerie E. Caproni |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

---

### DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT AND POSITIONS REGARDING SENTENCING

---

COMES NOW, the Defendant, WILLIAM WASHINGTON, proceeding pro se with standby counsel, and pursuant to Fed. R. Crim. P. 32(i)(3) and 18 U.S.C. §3553(a), respectfully submits objections to the Presentence Investigation Report (PSR) and provides pertinent considerations for a fair and just sentence. The Defendant seeks correction of inaccuracies in the PSR, specifically regarding loss amount calculations, and presents mitigating factors under §3553(a) that underscore his compliance with industry norms and good faith efforts to address restitution.

**I.  Acceptance of Responsibility**

The Defendant reaffirms his acceptance of responsibility for his conduct in this matter. By raising these objections, he does not seek to minimize his involvement but rather to ensure

1

that sentencing reflects an accurate assessment of his conduct, consistent with the procedural safeguards of due process.

**II. Objection to Loss Amount Calculation (PSR ¶¶ 134, 173, 185)**

The Defendant objects to the twelve-level enhancement under U.S.S.G. §2B1.1(b)(1)(G) based on an asserted loss amount of $475,042. This calculation lacks evidentiary support and fails to account for substantial repayments made by the Defendant, as documented in trial exhibits and his own testimony.

1. **Evidence of Repayment**: During direct testimony on June 7, 2024, the Defendant confirmed under oath that he repaid funds related to non-rendered services (Trial Tr., June 7, 2024, at 672:2-20). Exhibit 104, which the Court admitted into evidence over the Government's objection, documents a portion of these repayments. This evidence challenges the PSR's calculation and indicates that the total should exclude amounts the Defendant has already reimbursed.

2. **Clarification of Loss Components**: The PSR fails to provide a transparent breakdown of the alleged losses, combining paid and unpaid amounts without differentiation. Without this clarity, the Defendant is unable to effectively address or challenge the specifics of the loss calculation. Therefore, the Defendant requests that the Government provide an itemized explanation of the loss total for accuracy and fairness in sentencing.

3. **Submission of FBI 302 Reports**: To support his objections further, the Defendant will submit sensitive FBI 302 reports to chambers for in-camera review, preserving confidentiality while allowing the Court to consider evidence supporting the Defendant's claim of repayments and his efforts to resolve outstanding obligations.

**III. Objection to Position of Trust Enhancement (PSR ¶ 197, U.S.S.G. §3B1.3)**

The Defendant objects to the two-level enhancement under U.S.S.G. §3B1.3 for alleged abuse of a position of trust or use of special skill. While the Defendant is a medical professional, the actions in question did not exploit his medical position or require specialized skills inherent to his profession.

- **Lack of Trust Abuse or Specialized Skill**: In cases where the abuse of trust enhancement applies, such as *United States v. Rutgard*, the fraudulent conduct directly involved the defendant's medical expertise. Here, the Defendant's involvement primarily concerned billing practices rather than any misuse of specialized medical skills or patient trust. Thus, the enhancement is inappropriate under the facts of this case.

**IV. Mitigating Factors under 18 U.S.C. §3553(a)**

The Defendant presents several mitigating factors for the Court's consideration under 18 U.S.C. §3553(a), arguing that they justify a sentence below the Guidelines range:

1. **Establishment of Doctor-Patient Relationship via Telehealth**: Testimony from Dr. Marc DiJulio confirmed that telehealth consultations constitute a valid basis for establishing a doctor-patient relationship (Trial Tr., June 27, 2024, at 203:10-205:5). This supports the Defendant's adherence to accepted industry practices, undermining any claim of deceptive intent related to patient consultations.

2. **IMC Policy on Refunds for Unrendered Services**: The Defendant's actions aligned with IMC's policy on refunds for services not rendered, as confirmed by multiple witnesses:

    A. **Dr. Washington's Testimony**: On June 7, 2024, the Defendant testified that it was IMC policy to refund patients directly for services not rendered, consistent with industry standards (Trial Tr., June 7, 2024, at 682:5-685:12).

    B. **Testimony of Jennifer Moore**: Representing ProFlex, Moore testified that ProFlex's policy required members—not providers—to repay funds in cases of disputed claims. Her testimony aligns with FBI 302 documentation, which indicates that ProFlex would reach out to Plan members for repayment, and providers were not obligated to return funds (Moore FBI 302 Report, Doc No. 3508-230).

    C. **Additional Testimony from Gerard Lalwani**: On June 26, 2024, Lalwani confirmed that IMC had a refund policy in place for patients, corroborating the Defendant's practice of providing refunds in accordance with clinic policy (Trial Tr., June 26, 2024, at 426:3-15).

3. **Inconsistencies in Ely's Statements**: Melvin Ely's statements and selective memory on repayment further underscore the Defendant's position:

    A. **Initial FBI 302 Statement**: Ely initially stated that Dr. Washington had expressed a desire to repay all funds, emphasizing his intent to rectify financial obligations (Ely FBI 302 Report, Doc No. 3502-049, at 3).

    B. **Trial Testimony**: Ely's later trial testimony deviated from his initial statements, displaying selective memory, especially regarding repayments. Ely's inconsistency calls his credibility into question and supports the Defendant's account of his repayment efforts.

4. **Evidence of Repayments Documented in Trial Exhibits**: Evidence of repayments by the Defendant is further substantiated by trial exhibits Dx 103, Dx 104, and Dx 15, admitted as evidence of the Defendant's commitment to resolving outstanding obligations.

## V. Request for Sentence Consistent with §3553(a) and Mitigating Factors

The Defendant respectfully requests that this Court consider the mitigating factors discussed above, along with the advisory Guidelines, and impose a sentence that is fair, proportionate, and no greater than necessary to meet the objectives of sentencing. The Defendant's age, demonstrated remorse, commitment to rehabilitation, and adherence to industry norms all favor a sentence below the Guidelines range, which would be sufficient but not greater than necessary to satisfy the goals of sentencing.

## VI. Conclusion

In light of the objections and mitigating factors presented, the Defendant respectfully requests that the Court adjust the PSR calculations to reflect accurate information, deny

5

enhancements not supported by the evidence, and issue a sentence that is just and commensurate with the facts of this case.

Date: November 7, 2024

Respectfully submitted,

s/**William Washington**

Pro Se Defendant

---

The Court will consider the arguments set forth in this motion alongside the parties' sentencing submissions, which are due November 11, 2024. The Clerk of the Court is respectfully directed to close the open motion at Dkt. 1596.

SO ORDERED.

*[signature]* 11/7/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE