UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

WILLIAM WASHINGTON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  PRELIMINARY ORDER OF
:  FORFEITURE/
:  <u>MONEY JUDGMENT</u>

:  S9 21 Cr. 603 (VEC)

        WHEREAS, on or about April 17, 2023, WILLIAM WASHINGTON (the "defendant"), was charged in four counts of a six-count Superseding Indictment, S9 21 Cr. 603 (VEC) (the "Indictment"), with: conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to make false statements relating to health care matters, in violation of Title 18, United States Code, Section 371 (Count Two); health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

        WHEREAS, the Indictment included a second forfeiture allegation as to Counts One and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment;

WHEREAS, on or about June 28, 2024, the Defendant was found guilty, following a jury trial, of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that $475,042 in United States currency represents any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, that the Defendant personally obtained, and any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $475,042 in United States currency, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7) and Title 28, United States Code, Section 2461(c), for which the Defendant is jointly and severally liable with co-defendant, Terrance Williams in the amount of $475,042; Melvin Ely in the amount of $30,000; and Milton Palacio in the amount of $13,000 (the collectively "Co-defendants"), and the forfeiture money judgment entered against the Co-defendants in this case, representing the proceeds traceable to the commission of the offenses charged in Counts One through Four that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the

Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $475,042 in United States currency (the "Money Judgment") for which the Defendant is jointly and severally liable with co-defendant, Terrance Williams in the amount of $475,042; Melvin Ely in the amount of $30,000; and Milton Palacio in the amount of $13,000 and the forfeiture money judgment entered against the Co-defendants in this case, representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, WILLIAM WASHINGTON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
       November 25, 2024

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE